UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Eastern District of Kentucky
**FILED**
MAY 26 2022
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                                INDICTMENT NO. 7:22-CR-09 REW

SAMUEL J. PATRICK,
CLINTON L. PAULEY, and
KEVIN C. PEARCE, JR.

* * * * *

**THE GRAND JURY CHARGES:**

### General Allegations

At all times relevant to this Indictment:

1. United States Penitentiary, Big Sandy ("USP Big Sandy"), located in Inez, Kentucky, was a prison operated by the Federal Bureau of Prisons ("BOP"). Located on the facility's grounds was the lieutenants' office. The prison did not have security cameras in the lieutenants' office.

2. **SAMUEL J. PATRICK, CLINTON L. PAULEY, and KEVIN C. PEARCE, JR.** were employed by the BOP and worked as corrections officials at USP Big Sandy.

3. **CLINTON L. PAULEY** held the title of "Captain's Secretary" and **SAMUEL J. PATRICK** held the title of "Case Management Coordinator" at USP Big Sandy.

4. **KEVIN C. PEARCE, JR.** held the rank of Lieutenant at USP Big Sandy and served as a supervisory corrections official.

5. At all times relevant to this Indictment, BOP Employee One and BOP Employee Two worked as corrections officials at USP Big Sandy.

6. At all times relevant to this Indictment, C.T. and N.D. were inmates housed by the BOP.

7. Each of these allegations is hereby referenced and incorporated into each count of this Indictment.

## COUNT 1
### 18 U.S.C. § 242

On or about April 29, 2021, in Martin County, in the Eastern District of Kentucky,

**SAMUEL J. PATRICK and**
**CLINTON L. PAULEY,**

aiding and abetting one another, while acting under color of law as correctional officers, willfully deprived C.T. of the right, protected and secured by the Constitution and laws of the United States, to be free from cruel and unusual punishment. Specifically, Defendants **PATRICK AND PAULEY** assaulted C.T. in the lieutenants' office of USP Big Sandy. This offense resulted in bodily injury to C.T.

All in violation of 18 U.S.C. §§ 242 and 2.

## COUNT 2
## 18 U.S.C. § 1512(b)(3)

On or about April 29, 2021, in Martin County, in the Eastern District of Kentucky,

**SAMUEL J. PATRICK and**
**KEVIN C. PEARCE, JR.,**

aiding and abetting one another, knowingly corruptly persuaded, and attempted to corruptly persuade, another person in order to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a Federal offense. Specifically, after Defendant **PEARCE** and a subordinate BOP employee ("BOP Employee One") witnessed the assault described in Count 1, Defendant **PEARCE** directed BOP Employee One to write an untruthful report that omitted the aforementioned assault, and Defendant **PATRICK** pressured BOP Employee One to obey Defendant **PEARCE'S** order.

All in violation of 18 U.S.C. §§ 1512(b)(3) and 2.

## COUNT 3
## 18 U.S.C. § 1519

On or about April 29, 2021, in Martin County, in the Eastern District of Kentucky,

**KEVIN C. PEARCE, JR.,**

acting in relation to and in contemplation of a matter within the jurisdiction of the United States, knowingly falsified and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Defendant **PEARCE** wrote a memorandum documenting a

false account of officers' interactions with C.T., intended to cover up the assault of C.T. as described in Count 1. In his incident report, Defendant **PEARCE** (1) wrote that BOP Employee Two was present in the lieutenants' office with C.T.; (2) wrote that C.T. left the lieutenants' office "without incident"; and (3) omitted that C.T. had been assaulted as described in Count 1. The report was false and misleading because, as Defendant **PEARCE** then well knew, (1) BOP Employee Two was not present in the lieutenants' office; (2) C.T. did not leave "without incident," but rather left after being assaulted as described in Count 1; and (3) Defendants **PATRICK** and **PAULEY** had used unlawful force against C.T. as described in Count 1.

All in violation of Title 18, United States Code, § 1519.

## COUNT 4
## 18 U.S.C. § 1519

On or about April 29, 2021, in Martin County, in the Eastern District of Kentucky,

**CLINTON L. PAULEY,**

acting in relation to and in contemplation of a matter within the jurisdiction of the United States, knowingly falsified and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Defendant **PAULEY** wrote a memorandum intended to cover up the assault of C.T. as described in Count 1. The memorandum was false and misleading because Defendant **PAULEY** omitted from the memorandum that defendants **PATRICK** and **PAULEY** had assaulted C.T. as described in Count 1.

All in violation of Title 18, United States Code, § 1519.

## COUNT 5
## 18 U.S.C. § 1519

On or about April 29, 2021, in Martin County, in the Eastern District of Kentucky, defendant

### SAMUEL J. PATRICK,

acting in relation to and in contemplation of a matter within the jurisdiction of the United States, knowingly falsified and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Defendant **PATRICK** wrote a memorandum intended to cover up the assault of C.T. as described in Count 1. The memorandum was false and misleading because Defendant **Patrick** omitted from the memorandum that Defendants **PATRICK** and **PAULEY** had assaulted C.T. as described in Count 1.

All in violation of Title 18, United States Code, § 1519.

## COUNT 6
## 18 U.S.C. § 242

On or about March 26, 2021, in Martin County, in the Eastern District of Kentucky,

### CLINTON L. PAULEY,

while acting under color of law as a correctional officer, willfully deprived N.D., an inmate, of the right, protected and secured by the Constitution and laws of the United States, to be free from cruel and unusual punishment. Specifically, Defendant **PAULEY** assaulted N.D. while he was being escorted away from the lieutenants' office of USP Big Sandy. This offense resulted in bodily injury to N.D.

All in violation of 18 U.S.C. § 242.

## COUNT 7
## 18 U.S.C. § 1519

On or about March 26, 2021, in Martin County, in the Eastern District of Kentucky,

**CLINTON L. PAULEY,**

acting in relation to and in contemplation of a matter within the jurisdiction of the United States, knowingly falsified and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Defendant **PAULEY** wrote an incident report documenting a false account of his interactions with N.D. to cover up his assault of N.D. as described in Count 4. In his incident report, Defendant **PAULEY** wrote, in pertinent part, that (1) N.D. "started yelling 'Get your fucking hands off me before I kill you!'; (2) N.D. "raised up forcefully attempting to strike [Defendant **PAULEY**] with his head,"; and (3) Defendant **PAULEY** placed N.D. on the floor "with the least amount of force necessary to gain control." These statements were false and misleading because, as Defendant **PAULEY** then well knew, (1) N.D. had not yelled at or threatened him; (2) N.D. had never attempted to strike Defendant **PAULEY** with his head; and (3) Defendant **PAULEY** had assaulted N.D. as described in Count 4.

All in violation of Title 18, United States Code, § 1519.

A TRUE BILL

FOREPERSON

_____
CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

## PENALTIES

**COUNT 1:** Not more than 10 years imprisonment, not more than $250,000, and a term of supervised release of not more than 3 years supervised release.

**COUNT 2 - 5:** Not more than 20 years imprisonment for each count, a fine of not more than $250,000 for each count, and not more than 3 years supervised release for each count.

**COUNT 6:** Not more than 10 years imprisonment, not more than $250,000, and a term of supervised release of not more than 3 years supervised release.

**COUNT 7:** Not more than 20 years imprisonment, a fine of not more than $250,000, and not more than 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.